IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTHA ANGLIN,        § | |
|     Plaintiff        § | |
| § | |
| V.        § | |
| § | C.A. NO. 4:10-cv-02082 |
| CERES GULF, INC., NYK GROUP        § | |
| AMERICAS, INC., THOMAS J. SIMMERS,§ | |
| RONALD N. RUTOLO AND        § | |
| WAYNE KOCUREK,        § | |
|     Defendants        § | |

**DEFENDANT CERES GULF, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO RECONSIDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

DEFENDANT, Ceres Gulf, Inc. files this Opposition to Plaintiff's Motion to Reconsider the Court's Order of September 3, 2010, and respectfully shows as follows:

**I. BACKGROUND**

Plaintiff Martha Anglin filed a Request for Injunction, Declaratory Judgment and Original Petition on June 2, 2010, which was removed to this Court by Defendant Ceres Gulf, Inc. Plaintiff asked the Court to recognize an employment contract with Defendant Ceres, and grant a temporary injunction requiring Defendant to provide Plaintiff with 40-hours "regular" employment per week.

Hours of testimony and legal argument were presented before this Court on August 31, 2010, and the Court issued its ruling on September 3, 2010, denying Plaintiff's request for relief. Plaintiff filed a Motion to Reconsider, and in response, Defendant respectfully requests the Court to deny Plaintiff's Motion and honor its September 3, 2010 ruling.

## II. STANDARD FOR PRELIMINARY INJUNCTION

At the hearing before this Court on August 31, 2010, Plaintiff faced the burden of showing she was entitled to a preliminary injunction. Preliminary injunctions require the party seeking the injunction to demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to Movant outweighs any damage the injunction might cause to Defendant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (citing *Plains Cotton Co-op. Ass'n v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.)); see also *West Alabama Quality of Life Coalition v. U.S. Federal Highway Admin.*, 302 F. Supp. 2d 672, 679 (S.D. Tex. 2004).

After the Preliminary Injunction Hearing, the Court determined Plaintiff had not established standing to pursue a lawsuit against her employer, thus failing to establish the first element of a preliminary injunction: (1) a substantial likelihood of success on the merits. Opinion and Order, Dkt. 22, p. 5. Specifically, Plaintiff "has not established that she used the grievance procedure," as required by the Collective Bargaining Agreement and Memorandum of Understanding, "to resolve her dispute with Ceres." Opinion and Order, Dkt. 22, p. 5.

Without first exhausting the grievance and arbitration procedures provided for in the Collective Bargaining Agreement, "an aggrieved employee whose employment is governed by such an agreement normally lacks standing independently to initiate grievance procedures, to sue for breach of the collective bargaining agreement, or to attack in court the results of the grievance process." Opinion and Order, Dkt. 22, p. 5; Ceres' Memorandum, Dkt. 17, p. 3; *Ross* at 634 (citing *Acuff v. United Papermakers & Paperworkers*, 404 F.2d 169, 171 (5th Cir.1968)).

Plaintiff now asks this Court to reconsider its ruling on the basis that "there is uncontroverted evidence that Plaintiff did attempt to use the grievance process."  <u>Motion to Reconsider</u>, Dkt. 23, p. 3.  This "uncontroverted evidence" allegedly consists of testimony of the Union President, Mr. Montgomery, who Plaintiff claims spoke with Plaintiff's employer at a grievance proceeding.  <u>Motion to Reconsider</u>, Dkt. 23, p. 3.

Throughout hours of testimony and hundreds of exhibits at the Preliminary Injunction Hearing, however, the evidence presented was to the contrary.  This Court heard Mr. Montgomery testify on cross-examination that the Plaintiff did not enter the grievance procedure.  As the other crux of "uncontroverted evidence" in Plaintiff's Motion to Reconsider, Plaintiff attaches a Clerk Agreement as Exhibit A.  But as the representative for WGMA, the very entity making available the grievance process, testified during the hearing, Exhibit A is not the document that governs the grievance process.  Instead, the Memorandum of Understanding, entered at the hearing as Defendant's Exhibit 5, is the current document governing such a procedure.

If the moving party cannot make this showing, "a court's inquiry is over and the injunction must be denied."  *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).  Here, the documents and correspondence cited in the Court's Opinion and Order clearly establish Plaintiff failed to show she utilized the grievance procedure, and therefore Plaintiff has failed to establish standing.  For this reason, Defendant respectfully requests this Court stand by its original ruling and deny Plaintiff's Motion to Reconsider.

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Ceres Gulf, Inc. respectfully prays that this Court deny Plaintiff's Motion to Reconsider, and such further relief to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Lauren G. Wygant*
Scott R. Breitenwischer
State Bar No. 02947695
Federal ID No. 10827
Attorney-in-Charge
Lauren Wygant Woodard
State Bar No. 24060859
Federal ID No. 872481
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002-2716
Telephone: (713) 224-8380
Facsimile:  (713) 225-9545

**ATTORNEYS FOR DEFENDANT,
CERES GULF, INC.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September 2010, a true and correct copy of the foregoing was sent via the CM/ECF system to the following counsel of record:

Stephen J. Schechter
8 Spencer Road, Suite 200
Boerne, TX  78006

Allan H. Neighbors, IV
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010


*/s/ Lauren G. Wygant*
Of Royston, Rayzor, Vickery & Williams, L.L.P.