IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA ANGLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 4:10-CV-02082 |
| | § | |
| CERES GULF, INC., NYK GROUP AMERICAS, INC., THOMAS J. SIMMERS, RONALD N. RUTOLO, and WAYNE KOCUREK, | § § § § | |
| | § | |
| Defendants. | § | |

### DEFENDANT NYK GROUP AMERICAS, INC.'S
### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

Defendant NYK Group Americas, Inc. ("NYK") files this Response in Opposition to Plaintiff's Motion to Reconsider.[1]

### I.    BACKGROUND

On August 31, 2010, this Court held a hearing on Plaintiff Martha Anglin's ("Anglin") application for a preliminary injunction. Anglin, a union member who worked for Defendant Ceres Gulf, Inc. ("Ceres") pursuant to a multi-employer collective bargaining agreement, sought a preliminary injunction requiring Ceres to "put Plaintiff to work for a minimum of 40 hours per week in positions that she is able to perform." *See* Plaintiff's Original Petition at § VI.

After hearing the testimony of Anglin; the Union President, Charles Montgomery; Troy Gouger of Ceres; and Nathan Wesely of the employers' representative, the West Gulf Maritime Association ("WGMA"), and considering the exhibits proffered by the parties at the hearing on August 31, 2010, the Court issued its Opinion and Order on September 3, 2010. *See* Doc. 22. In

---

[1] NYK submits its Response subject to and without waiving its pending Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 5).

its Order, this Court found that Anglin had no standing to pursue this lawsuit because she had failed to grieve her dispute pursuant to the collective bargaining agreement, and therefore failed to meet the first element required for a temporary injunction. *See id.* at p. 5. Anglin now moves for reconsideration this Court's decision to deny Anglin's application for preliminary injunction. *See* Doc. 23. Anglin's request should be denied.

      A.      **The Court Correctly Found that Anglin Failed to Exhaust Established Grievance Procedures**

As noted in prior briefing, the elements for obtaining a preliminary injunction in the Fifth Circuit are well settled. The moving party must establish the following: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). A preliminary injunction is an extraordinary remedy that should not be granted unless the movant presents strict proof of all of these four factors. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989) ("The failure of a movant to establish one of the above four elements will result in the denial of the motion for a temporary injunction.").

Here, the Court correctly found that Anglin had not met the first requirement – a substantial likelihood of success on the merits – for a preliminary injunction. *See* Doc. 22 at p. 5. More specifically, the Court found that Anglin had failed to grieve her dispute with Ceres and, therefore, she had no standing to pursue a lawsuit. *See id.*; *see also Ross v. Runyon*, 858 F. Supp. 630, 634 (S.D. Tex. 1994) (holding that a plaintiff "must at least attempt to exhaust the grievance and arbitration procedures established by the bargaining agreement" before filing a lawsuit).

In Plaintiff's Motion to Reconsider, Anglin argues that she "attempted" to use the grievance procedure by bringing a complaint to the ILA 1351 President, Mr. Montgomery, in January 2010, and that because Ceres did not respond to this complaint in writing, Anglin exhausted the grievance process. *See* Doc. 23 at pp. 2-3. However, this argument fails for several reasons. First, the testimony at the preliminary injunction hearing established that Anglin's complaint in January 2010 was that she was <u>not paid holiday pay</u> for the immediately preceding holidays. *See* Anglin's testimony. In contrast, Anglin's lawsuit and request for preliminary injunction is based on her contention that "Ceres is not working her the minimum of 40 hours per week that is required" and, more specifically, that Anglin has not worked any hours since March 30, 2010. *See* Plaintiff's Original Petition at §§ V-VI. It is patently obvious that Anglin has not attempted and, indeed, could not attempt to exhaust applicable grievance procedures relating to her claim that she has worked no hours since March 30, 2010, by making a single complaint about holiday pay to Mr. Montgomery in January 2010.[2]

Second, Anglin's contention that she attempted to exhaust grievance procedures, and therefore has standing to bring this lawsuit, is undercut by the plain language of the grievance procedure upon which Anglin relies.[3] Specifically, Anglin argues that the Clerk Agreement governs the grievance procedure, which requires the following:

---

[2]   As further evidence that Anglin has not established a substantial likelihood of success on the merits, both Mr. Montgomery, the ILA 1351 President, and Mr. Gouger of Ceres testified that it was their understanding that the reason Anglin had not been called to work since April 2010 is that she had placed herself on the "do not call" list, by which she had to call in if she wanted to work, as opposed to Ceres calling her in for work. Although Anglin disputes that she had placed herself on the "do not call" list, there is clearly a fact issue as to the reason Anglin has not been called to work that would make the issuance of a preliminary injunction improper.

[3]   Ceres – which is in a better position than NYK to know the applicable governing documents - argued, at both the hearing and in its own Opposition to Plaintiff's Motion to Reconsider, *see* Doc. 25, that Anglin was required to utilize the grievance procedure set forth in the Memorandum of Understanding, entered at the hearing as Defendant's Exhibit 5.

3

>   2.   The following steps shall be followed to insure prompt resolution of disputes:
>
>   When a problem arises it shall be discussed immediately between the representatives of the Employer and Local Union involved. **If they are unable to reach a satisfactory settlement, either representative may request immediate referral of the matter to Step 1.**

*See* Doc. 23, Plaintiff's Motion at Exhibit A (emphasis added).

Anglin's contention is that she "attempted" to use this grievance procedure by bringing a complaint to Mr. Montgomery in January 2010 (which, again, was her complaint about holiday pay), who then discussed it with Ceres. Anglin then argues that since Ceres did not provide a written response to her complaint in January 2010, the "uncontroverted evidence establishes that Ms. Anglin did attempt to use the grievance process and therefore, does have standing to proceed with the current lawsuit." Doc. 23 at p. 3. Contrary to Anglin's assertion, the requirement is that a plaintiff must attempt to "exhaust" the grievance process, not merely attempt to "use" it. *See Ross v. Runyon*, 858 F. Supp. at 634. Here, the grievance process that Anglin claims applies to the instant dispute does <u>not</u> require a written response by the employer and, more importantly, provides that if the parties are unable to reach a satisfactory settlement, "either representative may request immediate referral of the matter to Step 1." Doc. 23 at Exhibit A. After failing to receive a response to her January 2010 complaint regarding holiday pay, Anglin reasonably should have concluded that the complaint was not resolved to her satisfaction and, therefore, the appropriate process was to request a Step 1 grievance. Anglin's own testimony establishes that she did <u>not</u> request a Step 1 grievance regarding the holiday pay issue, and she certainly did request one as to her alleged failure to be called to work since April 2010, which is the subject matter of the instant lawsuit. Accordingly, this Court properly concluded that Anglin failed to exhaust the grievance procedures and, therefore, lacks standing to bring this suit. Doc. 23 at p. 5.

4

### B. Anglin Has Failed to Meet the Remaining Requirements for Issuance of a Preliminary Injunction

Because this Court correctly found that Anglin did not attempt to exhaust the grievance process and therefore lacked standing to bring this lawsuit, it did not need to consider the remaining elements required to establish Anglin's entitlement to a preliminary injunction. While Plaintiff's Motion to Reconsider focuses exclusively on the first element, it fails to address the fact that Anglin has not met the remaining elements, all of which are required in order to establish Anglin's entitlement to a preliminary injunction. Specifically, Anglin cannot establish a threat of irreparable injury because her own pleadings and testimony establish that she could choose to work "off the board" (while still maintaining her right to grieve her claim that she is entitled to regular employee status), which would preserve her compensation, rights to benefits and seniority.[4] *See* Plaintiff's Original Petition at § VI. Anglin's testimony from the preliminary injunction hearing also clearly establishes that Anglin's damages, to the extent they exist, are subject to precise calculation and remedy by means of monetary compensation, thus rendering injunctive relief improper.

In addition, a preliminary injunction would disserve the public interest embodied by the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 185, by frustrating the parties' contractually agreed-upon grievance process and allowing Anglin to bypass the stated requirements of the collective bargaining agreement.

---

[4] The fact that Anglin has elected not to mitigate her damages when there is a viable option for doing so does not create an "irreparable" injury for purposes of obtaining a preliminary injunction, particularly where Anglin has failed to exhaust the grievance process to resolve her employment status. *See Local Union No. 733 v. Ingalls Shipbuilding Division*, 906 F.2d 149, 151 (5th Cir. 1990) (affirming denial of preliminary injunction filed by union to stop the implementation of a drug and alcohol testing program where the grievance had not been exhausted under the parties' collective bargaining agreement); *Allied Pilots Ass'n v. American Airlines, Inc.*, 898 F.2d 462, 466 (5th Cir. 1990) (vacating a preliminary injunction in favor of union and noting that a dispute involving the discharge or discipline of an employee under a collective bargaining agreement did not result in an irreparable injury warranting preliminary injunctive relief).

5

Finally, because an injunction would be improper under these facts, the damage caused by the wrongful injunction clearly outweighs any potential harm to Anglin, and would open up the federal courts to a flood of lawsuits by union employees who choose to bypass the applicable grievance procedures of their collective bargaining agreements.

For these reasons, Defendant NYK Group Americas, Inc. respectfully requests that the Court deny Plaintiff's Motion to Reconsider and affirm its denial of Plaintiff's application for preliminary injunction.

Dated October 4, 2010

Respectfully submitted,

*/s/ Allan H. Neighbors, IV*
Allan H. Neighbors, IV
State Bar No. 24033660
S.D. Tex. No. 34398
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (facsimile)
aneighbors@littler.com

OF COUNSEL:

Gretchen Agena
State Bar No. 24040396
S.D. Tex. No. 38500
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
gagena@littler.com

ATTORNEY-IN-CHARGE FOR DEFENDANT NYK GROUP AMERICAS, INC.

## **CERTIFICATE OF SERVICE**

  I certify that on this 4th day of October, 2010, a true and correct copy of the foregoing instrument was served upon counsel of record via the Court's Electronic Case Filing system, addressed as follows:

Stephen J. Schechter
STEPHEN J. SCHECHTER, P.C.
8 Spencer Road, Suite 200
Boerne, Texas 78006

ATTORNEY FOR PLAINTIFF
MARTHA ANGLIN

Scott R. Breitenwischer
Lauren G. Wygant
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
711 Louisiana, Suite 500
Houston, Texas 77002-2716

ATTORNEY FOR DEFENDANT
CERES GULF, INC.

               */s/ Gretchen Agena*
               Gretchen Agena