IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA ANGLIN, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. 4:10-cv-02082 |
| CERES GULF, INC., NYK GROUP | § | |
| AMERICAS, INC., THOMAS J. SIMMERS, | § | |
| RONALD N. RUTOLO AND | § | |
| WAYNE KOCUREK, | § | |
|     Defendants | § | |

**DEFENDANT CERES GULF, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

DEFENDANT, Ceres Gulf, Inc. files this Opposition to Plaintiff's Motion for Leave to Amend Complaint, and respectfully shows as follows:

### I. SUMMARY OF ARGUMENT

On September 3, 2010, in response to Plaintiff's Request for Preliminary Injunction, this Court determined Plaintiff did not have standing to bring her lawsuit. Exhibit A, <u>Opinion and Order</u>, Dkt. 22, p. 5, 09/03/10. On September 30, 2010, Plaintiff filed for leave to amend her Complaint to add parties and new causes of action, which she alleges are related to her original action.

The factual basis of Plaintiff's Original Petition and Proposed Complaint relate to her past employment with Defendant Ceres Gulf. As the Court's September 3 Opinion and Order held, any dispute surrounding Plaintiff's past employment with Ceres is governed by a grievance process, which Plaintiff had not utilized, and therefore lacked standing. Exhibit A.

Defendant respectfully requests this Court deny Plaintiff's Motion for Leave to amend her complaint. Leave to amend a pleading may be granted, but in determining whether leave is proper, a court may consider such factors as bad faith, dilatory motive, and futility of amendment. Plaintiff's request for leave is futile, as she cannot cure the underlying issue that she does not have standing, and her request for leave may only be an attempt to sidestep the Court's ruling that she does not have standing.

## II. STANDARD FOR MOTION FOR LEAVE TO AMEND

As a matter of course, a party may amend its pleading, if a responsive pleading is required, 21 days after serving the pleading, or 21 days after service of the responsive pleading, whichever is earlier. Fed. R. Civ. Proc. 15(a)(1). Here, Plaintiff filed her Petition on June 2, 2010, and Defendant Ceres Gulf, filed its Original Answer on June 29, 2010. The 21 day periods following both the service of the original pleading and service of the answer have passed.

After the time period has passed in which a party can amend as a matter of course, the party may only amend its pleading with consent of the other party or with leave of court. Fed. R. Civ. Proc. 15(a)(2). Although the Federal Rules provide that the Court should freely give leave when justice so requires, there are limits to this leniency, and leave "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir.1992).

When deciding whether to grant leave to file an amended pleading, a court may consider such factors as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (affirming district court's denial of motion for leave based on determination that motion was

filed in bad faith and with dilatory motive, and in an obvious attempt to avoid summary judgment) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. BACKGROUND

#### A. PLAINTIFF'S ORIGINAL PETITION

Plaintiff filed her Request for Injunction, Declaratory Judgment, and Original Petition on June 2, 2010 in the Harris County District Court. Plaintiff's Request, Dkt. 1-2, p. 1, filed 6/14/10. Defendant Ceres Gulf, Inc. removed the lawsuit to this Court on June 14, 2010 and filed its Original Answer on June 29, 2010. Original Answer, Dkt. 3, filed 6/29/10.

Plaintiff's Request and Petition brought suit against Defendants Ceres Gulf, Inc., NYK Group Americas, Inc., Thomas J. Simmers, Ronald N. Rutolo, and Wayne Kocurek. Plaintiff's Request, Dkt. 1-2, p. 3. Plaintiff alleged Defendant Ceres Gulf had "forfeited its charter/certificate and/or registration," and was "no longer certified to do business in Texas." Plaintiff's Request, Dkt. 1-2, p. 2. For this reason, Plaintiff included Defendant NYK Group Americas, Inc., as Ceres Gulf's sole shareholder and "successor in liability," and Defendants Simmers and Rutolo, as directors of Ceres Gulf, as "liable part[ies] due to Ceres Gulf forfeiting its charter…" Plaintiff's Request, Dkt. 1-2, p. 2.

As to Defendant Ceres Gulf, Plaintiff requested (1) a declaratory judgment, (2) a temporary injunction, and alleged (3) a claim for breach of contract. Plaintiff filed no independent causes of action against Defendants NYK Group Americas, Inc., Simmers, and Rutolo, aside from allegations of liability due to their association with Defendant Ceres Gulf.

Plaintiff's Request and Petition first asked the Court to grant a declaratory judgment as to Defendant Ceres Gulf, "declaring and adjudicating that pursuant to the terms of Ms. Anglin's employment contract that Defendant is required to guarantee her at least a 40 hour work week."

3

Plaintiff's Request, Dkt. 1-2, p. 3.  Plaintiff also requested the Court grant a temporary injunction requiring Defendant Ceres to "abide by their contract and put Plaintiff to work for a minimum of 40 hours per week in positions that she is able to perform."  Plaintiff's Request, Dkt. 1-2, p. 5.

Finally, Plaintiff alleged Defendant Ceres Gulf had breached its "express contract" with Plaintiff, as Defendant had failed to provide Plaintiff with the 40 hours of work "guaranteed" to Plaintiff as a regular employee.  Plaintiff's Request, Dkt. 1-2, p. 6.

**B.   COURT'S OPINION AND ORDER**

This Court held a preliminary injunction hearing on August 31, 2010.  Following testimony and argument, the Court denied Plaintiff's request for relief and held "…she has no standing to pursue a lawsuit."  Exhibit A, Opinion and Order, Dkt. 22, p. 5.

In denying Plaintiff's motion, the Court determined Plaintiff could not meet the first element of an injunction: (1) a substantial likelihood of success on the merits.  Exhibit A, p. 5.  She had not shown a substantial likelihood of success, because Plaintiff had not established she had standing to pursue a lawsuit against her employer.  Although Plaintiff filed her action against Defendant Ceres Gulf based on the alleged "contract" between the parties, this contract was actually a Collective Bargaining Agreement and Memorandum of Understanding, which governed her employment.

Case law interpreting similar union bargaining agreements hold that without first exhausting the grievance and arbitration procedures provided for in the agreement or contract for employment, "an aggrieved employee whose employment is governed by such an agreement normally lacks standing independently to initiate grievance procedures, to sue for breach of the collective bargaining agreement, or to attack in court the results of the grievance process."

Exhibit A, p. 5; Ceres' Memorandum, Dkt. 17, p. 3; *Ross* at 634 (citing *Acuff v. United Papermakers & Paperworkers*, 404 F.2d 169, 171 (5th Cir.1968)).

Citing this case law, this Court determined Plaintiff "has not established that she used the grievance procedure," as required by the Collective Bargaining Agreement and Memorandum of Understanding, "to resolve her dispute with Ceres." Exhibit A, p. 5.

"Because Anglin has failed to grieve her dispute with her employer she has no standing to pursue a lawsuit." Exhibit A, p. 5.

### C. PLAINTIFF'S MOTION FOR LEAVE

Plaintiff's "Motion for Leave to Amend Complaint," requests this Court issue an Order, accepting the amendments of her Original Complaint, so as to add three Defendants: ILA 1351, ILA South Atlantic & Gulf Coast District, and West Gulf Maritime Association. Motion for Leave, Dkt. 26, p.1. Plaintiff also requests leave to include a new Title VII complaint against Defendant Ceres Gulf. Motion for Leave, Dkt. 26, p. 1.

Plaintiff argues the additional parties and claims should be added "to try and be sure all parties that were involved in the underlying dispute and all claims against the current parties are in one lawsuit." Motion for Leave, Dkt. 26, p. 2.

### IV. ARGUMENT

Despite the Court's ruling that Plaintiff lacks standing to pursue a lawsuit, Plaintiff now brings a Motion for Leave, and requests leave to amend her original complaint to add three Defendants and an additional cause of action against Defendant Ceres Gulf. Defendant Ceres Gulf, asks this Court to deny Plaintiff's Motion.

A.      **PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED BECAUSE IT IS FUTILE.**

A court may grant leave to amend, in the absence of any apparent or declared reason, such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding the district court's outright refusal to grant leave without justifying reason was abuse of discretion)).

After the death of their child in *Wimm v. Jack Eckerd Corp.*, Plaintiffs sued a physician for misdiagnosing their child's ailment, and a pharmacist for mislabeling the prescribed medication. 3 F.3d 137, 138 (5th Cir.1993). In the suit against the physician, an expert testified that the mislabeled medication had not been the cause of the death or ingested in a toxic dose, and the child died from a lack of oxygen caused by the misdiagnosed disease, viral croup. *Id.* at 138.

After the physician settled his suit, the pharmacist moved for summary judgment. *Id.* at 138-39. Plaintiffs responded to the motion for summary judgment and requested leave to file an amended complaint, in order to add two causes of action relating to the mislabeling of the medication, such as DTPA claims. *Id.* The district court denied the request for leave, citing bad faith, because the motion was "obviously interposed by plaintiffs in an attempt to avoid summary judgment. *Id*. at 139-40. The district court also denied the request based on futility of amendment: "it appears that the amendment sought would be futile, as the amount of cough syrup given to decedent has been thoroughly investigated and the determination made that decedent did not receive a toxic dose of the cough syrup." *Id.* at 139-40.

6

Similarly, in the matter before this court, the preliminary hearing provided a thorough investigation into the basis of Plaintiff's claims. On August 31, 2010, this Court listened to hours of testimony from four witnesses, including Plaintiff and her employer, arguments of counsel, binding case law relevant to this matter, and evidence of more than 70 documents.

Based on the evidence presented at the hearing, the determination was made that Plaintiff did not utilize the grievance process, as required by her employment. Exhibit A, *generally*. This failure to utilize the grievance process forecloses Plaintiff's causes of action as to her employer Defendant Ceres Gulf, as she lacks standing to present her claims in this Court.

The crux of Plaintiff's Original Complaint and Proposed Amended Complaint relate to the same issue: her past employment with Defendant Ceres Gulf. Plaintiff cannot cure her lack of standing by amending her complaint, and cannot sidestep the Court's determination that she does not have standing. As in *Wimm*, the amendment sought would be futile. For these reasons, Defendant respectfully requests this Court deny Plaintiff's Motion for Leave to Amend her Complaint.

**B.    IN THE ALTERNATIVE, RULING ON PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DEFERRED UNTIL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT HAS BEEN HEARD.**

Plaintiff's "Motion for Leave to Amend Complaint," requests this Court issue an Order, accepting the amendments of her Original Complaint. Motion for Leave, Dkt. 26, p. 1. This Court has already determined Plaintiff does not have standing to file the claims alleged in her Original Complaint against Defendant Ceres Gulf. Plaintiff should not be permitted to sidestep the Court's ruling and amend her Original Complaint.

7

If the Court does not intend to deny Plaintiff's Motion for Leave outright, however, Defendant respectfully requests this Court defer ruling on Plaintiff's Motion for Leave until such time that Defendant has filed a Motion for Summary Judgment, following initial discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Ceres Gulf, Inc. respectfully prays that this Court deny Plaintiff's Motion for Leave to Amend, and such further relief to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Scott R. Breitenwischer*
    Scott R. Breitenwischer
    State Bar No. 02947695
    Federal ID No. 10827
    Attorney-in-Charge
    Lauren Wygant Woodard
    State Bar No. 24060859
    Federal ID No. 872481
    Pennzoil Place
    711 Louisiana, Suite 500
    Houston, Texas 77002-2716
    Telephone: (713) 224-8380
    Facsimile:  (713) 225-9545

**ATTORNEYS FOR DEFENDANT,
CERES GULF, INC.**

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October 2010, a true and correct copy of the foregoing was sent via the CM/ECF system to the following counsel of record:

Stephen J. Schechter
8 Spencer Road, Suite 200
Boerne, TX  78006

Allan H. Neighbors, IV
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010


*/s/ Scott R. Breitenwischer*
Of Royston, Rayzor, Vickery & Williams, L.L.P.