UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA L ANGLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2082 |
| | § | |
| CERES GULF, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Defendant NYK Group America, Inc.'s ("NYK") Motion to Dismiss (Doc. 5), as well as Plaintiff Martha L. Anglin's ("Anglin") response (Doc. 7) and NYK's reply (Doc. 10). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion should be granted.

I. Background and Relevant Facts

This is an employment dispute in federal court pursuant to a multiemployer collective bargaining agreement. 29 U.S.C. § 185. The basic facts of this case were outlined in the Court's Opinion and Order dated September 3, 2010. (Doc. 22.) On June 2, 2010, Anglin filed suit in the 269th Judicial District Court of Harris County, Texas. (Doc. 1-2.) On June 14, 2010, Defendant Ceres Gulf, Inc. ("Ceres") removed the case to this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185. (Doc. 1.) On September 3, 2010, the Court denied Anglin's application for a preliminary injunction. (Doc. 22.) Defendant NYK now moves to be dismissed from the suit pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 5.)

II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to

dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.  Discussion

NYK argues that Anglin has failed to allege any cause of action against NYK. (Doc. 5 at 2.) Regarding NYK, Anglin's amended complaint alleges that:

> 7. Defendant, NYK Group Americas, Inc., is a foreign corporation and under information and belief is the sole shareholder of Ceres and therefore is the successor in liability due to Ceres Gulf, Inc.'s forfeited status at the time most of the actions complained of occurred and due to the forfeited status at the time that the State Court action commenced.

(Doc. 27 ¶ 7.) Anglin believes she has a cause of action against NYK because "on or about July 25, 2008, [Ceres] forfeited its charter charter/certificate and/or registration pursuant to Section 171.309. Ceres' charter was reinstated after the State Court Action was commenced but before this matter was removed to Federal Court." (*Id.* ¶ 5.) However, Section 171.152 of the Texas Tax Code provides that, if the corporate privileges of a corporation are forfeited, "each director or officer of the corporation is liable for a debt of the corporation as provided by Section 171.252." Tex. Tax Code § 171.252. It does not mention liability of the corporation's shareholders. The Texas Business Organizations Code further provides that, absent a showing of

actual fraud for the personal benefit of the shareholder, shareholders are not liable for obligations of the corporation, even if the corporation fails to observe corporate formalities.  Tex. Bus. Org. Code. § 21.224.  Anglin's petition alleges only that NYK "is the sole shareholder of Ceres[.]" (Doc. 27 ¶ 7.)  As a shareholder, NYK is not liable for Ceres' alleged breach of contract.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant NYK Group America, Inc.'s Motion to Dismiss (Doc. 5) is **GRANTED** and NYK Group America, Inc. is **DISMISSED** from the suit.

SIGNED at Houston, Texas, this 16th day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE