UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA L ANGLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2082 |
| | § | |
| CERES GULF, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Martha Anglin's ("Anglin") Motion to Reconsider (Doc. 23), as well as Defendant Ceres Gulf, Inc.'s ("Ceres") response (Doc. 25). The Court previously denied Anglin's application for temporary injunction. (Doc. 22.) Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion should be denied.

I.  Background and Relevant Facts

This is an employment dispute in federal court pursuant to a multiemployer collective bargaining agreement. 29 U.S.C. § 185. The basic facts of this case were outlined in the Court's Opinion and Order dated September 3, 2010. (Doc. 22.) On June 2, 2010, Anglin filed suit in the 269th Judicial District Court of Harris County, Texas. (Doc. 1-2.) On June 14, 2010, Defendant Ceres removed the case to this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185. (Doc. 1.) On September 3, 2010, the Court denied Anglin's application for a preliminary injunction. (Doc. 22.) Plaintiff Anglin now moves for reconsideration. (Doc. 23.)

II.  Standard of Review

Although Plaintiff fails to expressly invoke the provision governing motions for reconsideration, such motions are generally considered cognizable under either Federal Rule of

Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (*citing Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir.1986) (*en banc*). Because Plaintiff brought her motion for reconsideration within ten days, review is subject to the more lenient Rule 59(e) standard. Fed. R. Civ. P. 59(b).

Under Federal Rule of Civil Procedure 59(e), a judgment may be altered or amended if (1) an intervening change in controlling law occurred; (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the judgment or order in question; or (3) a need to correct a manifest error in law exists. Fed. R. Civ. P. 59(e); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). However, Rule 59 cannot be used "for rehashing evidence, legal theories, or arguments" that could have been offered before judgment was entered. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

III. Discussion

Plaintiff Anglin contends that the Court's denial of her preliminary injunction was "based on the mistaken belief that Ms. Anglin did not attempt to exhaust the grievance procedure of her union and employer. (Doc. 23 at 1.) Anglin argues that she attempted to use the grievance procedure, but her employer did not respond. (Doc. 23 at 4.) However, after considering the evidence presented at the preliminary injunction hearing, the Court previously determined that Plaintiff has no standing to pursue a lawsuit because she failed to establish that she used the grievance procedures to resolve her dispute. (Doc. 22 at 5.) Plaintiff has provided no new

evidence that was reasonably unknown prior to the order in question, as required by Fed R. Civ. P. 59(e).

IV. Conclusion

Accordingly, because Plaintiff has not met the requirement for reconsideration set forth by Fed R. Civ. P. 59(e), the Court hereby **ORDERS** that Plaintiffs' motion for reconsideration (Doc. 23) is **DENIED**.

SIGNED at Houston, Texas, this 30th day of June, 2011.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE