IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTHA ANGLIN, | § | |
|     Plaintiff | § | |
| v. | § | NO. 4:10-CV-02082 |
| | § | |
| CERES GULF, INC., NYK GROUP | § | |
| AMERICAS, INC., THOMAS J. SIMMERS, | § | |
| RONALD N. RUTOLO AND, | § | |
| WAYNE KOCUREK, | § | |
| | § | |
|     Defendants | § | |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ILA 1351**

To The Honorable Court:

Pursuant to Rule 56, FRCP, Defendant, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1351 ("Defendant ILA 1351"), hereby moves for summary judgment as to Plaintiff's claims against this Defendant. Plaintiff claims Defendant ILA 1351 breached a "fiduciary duty" owed to Plaintiff, "by not properly representing Plaintiff and by sharing confidential information with Defendants Ceres and/or Defendant WGMA." (Amended Complaint, Paragraph 41, Doc. 27). Plaintiff further alleges:

> By divulging confidential information and by not properly representing Plaintiff according to its obligations as a Union Defendant ILA 1351 has breached its duty of fair representation. Defendant ILA 1351 has worked with the other Defendants for the benefit of other Defendants and is not working to represent the interest of Plaintiff as a member of the Union.

(Paragraph 43, Doc. 25, Amended Complaint).

1

Based on the summary judgment evidence, the legal standard required in this case demands summary judgment be granted as to Defendant ILA 1351.

## 1. BACKGROUND

1. Plaintiff is employed through a hiring hall operated by Defendant ILA 1351 pursuant to collective bargaining agreements with Defendant West Gulf Maritime Association, a multi-Employer bargaining representative. Because of her disputes with Defendant Ceres Gulf (her direct employer), Plaintiff originally filed this cause of action in Harris County District court, seeking a preliminary injunction against the original defendants.

2. The State court cause of action was removed to this court June 14, 2010, Doc. 1.

3. A hearing was held August 31, 2010 on the application for preliminary injunction, entry 19.

4. The Court denied the preliminary injunctive relief by Order filed September 3, 2010, Doc. 22. The Plaintiff's Motion to Reconsider was denied June 30, 2011, Doc. 44.

5. The basic facts of this case are set forth in the Court's September 3, 2010 Opinion and Order, Doc. 22.

6. Plaintiff filed her Amended Complaint September 30, 2010, Doc. 27, naming Defendant ILA 1351 as a defendant.

7. Plaintiff's Motion to Amended the Complaint was granted November 15, 2010, Doc. 36.

8. Defendant ILA Local 1351 filed its answer to the Amended Complaint January 6, 2011, Doc. 37.

9. Plaintiff's allegations as to ILA Local 1351, as set forth in the Amended Complaint (Doc. 27) Paragraphs 41, 43, 44, and 45, have been explained through discovery. A formal grievance in the fall of 2009, a December 2009 telephone conversation, and a January 2010 informal grievance meeting are the events to which Plaintiff complains Defendant ILA Local 1351 breached any fiduciary duty and/or duty of fair representation subject of her litigation. See Attachment 1, "Plaintiff's Responses to Defendant International Longshoremen's Association Local No. 1351 First Submission of Interrogatories"; Attachment 2, "Plaintiff's Amended Response to Defendant International Longshoremen's Association Local No. 1351 First Submission of Interrogatories"; Attachment 3, "Plaintiff's Response to Defendant International Longshoremen's Association Local No. 1351 First Request for Admissions"; all attached hereto and incorporated by reference.

## 2. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c).[1] The moving party bears the initial burden of informing the district court of the basis for its motion. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986).

Defendant Local 1351, in moving for summary judgment on Plaintiff's cause of action, may satisfy its summary judgment burden in one of two ways. First, Defendant Local 1351 may submit summary judgment evidence that negates the existence of a material element of Plaintiff's claim. ***Celotex***, 477 U.S. at 322-24; *see also* ***Lavespere v. Niagra Mach. & Tool Works, Inc.***, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied* 510 U.S. 859 (1993). Alternatively, Defendant Local 1351 may show that there is no evidence to support an essential element of Plaintiff's claim. ***Celotex***, 477 U.S. at 325. Defendant Local 1351, as moving party, must identify the specific issue or issues on which it claims Plaintiff has no supporting evidence, and demonstrate the absence of such evidence. ***Russ v. International Paper Co.***, 943 F.2d 589, 592 (5th Cir. 1991), *cert. denied,* 503 U.S. (1992). Under this alternative, it is not necessary to introduce evidence that negates Plaintiff's claims. ***Celotex***, 477 U.S. at 323; *see also* ***Wallace v. Texas Tech Univ.***, 80 F.3d 1042, 1047 (5th Cir. 1996); ***Little v. Liquid Air Corp.***, 37 F.3d. 1069, 1075 (5th Cir. 1994) (en banc) (holding that moving party need not negate elements of non-movant's

---

[1] An issue is considered "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is considered "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. ***Anderson v. Liberty Lobby Inc.***, 477 U.S. 242, 248 (1986). The substantive law will determine which facts are material. ***Id.***; *see also* ***Douglass v. United Serv. Auto. Ass'n.***, 79 F.3d 1415, 1423 n.11 (5th Cir. 1996).

case).

Once a proper motion has been made by Defendant Local 1351, the burden shifts to Plaintiff to show that there is a fact issue that is trial-worthy. *Anderson*, 477 U.S. at 248; *see also* *Melton v. Teachers Inc. & Annuity Ass'n.*, 114 F.3d 557, 559 (5th Cir. 1997)(holding that non-movant must "set forth specific facts to establish that there is a genuine issue for trial, but where the evidential submissions lack probative value as to a genuine issue, summary judgment is appropriate."); *Celotex*, 477 U.S. at 322-23 (holding that non-moving party has obligation to present affirmative evidence); *Texas Mfd. Housing Ass'n. v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996) (holding that non-movant must demonstrate with "significant probative evidence" that there is an issue of material fact warranting trial), *cert. denied*, 521 U.S. 1112 (1997).[2] The moving party is entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. *Melton*, 114 F.3d at 559.

Further, when the moving party (here, Defendant Local 1351) has met its burden, Plaintiff, as non-movant, cannot survive a motion for summary judgment by resting on the mere allegations in her pleadings. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). A summary judgment motion may not be defeated by "unsupported allegations or affidavit or deposition testimony setting forth

---

[2] There is nothing for a jury to decide where the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

ultimate or conclusory facts and conclusions of law." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). Further, Plaintiff cannot create a genuine issue of material fact by presenting contradictory accounts of her own allegations. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996). Neither conclusory allegations, nor unsubstantiated assertions will satisfy Plaintiff's burden. *Wallace.*, 80 F.3d at 1047. Plaintiff must present more than a mere scintilla of evidence, which creates more than a mere metaphysical doubt as to the validity of Defendant Local 1351's motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Plaintiff must produce evidence upon which a verdict in her favor could reasonably be based. *Anderson*, 477 U.S. at 249. In the matter at bar, as will be seen, Defendant Local 1351 has established that summary judgment should be granted in its favor.

### 3. DUTY OF FAIR REPRESNTATION

A labor organization owes a duty of fair representation to individuals it represents. A union violates its duty of fair representation if its actions are arbitrary, discriminatory, or in bad faith. *Airline Pilots Association v. O'Neal*, 449 U.S. 65 (1991); *Vaca v Sipes*, 386 U.S. 171 (1967).

Plaintiff's state law claim of breach of fiduciary duty is preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *United Steel Workers v. Rawson*, 495 U.S. 362, 368 (1990); *Lingle v. Norge Division of Magic Chef. Inc.*, 486

U.S. 399, 403-06 (1988); *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 209 (1985); *Local 174 v. Lucas Flour Company*, 369 U.S. 95, 103-04 (1962); *Davis v. Kroger Texas, LP,* 2011 WL 2447707 (unpublished) (5th Cir 2011).

A state law claim of breach of fiduciary duty evolving from a collective bargaining relationship is preempted. *Atwater v. National Football League Players Association*, 626 F.3d 1170 (11th Cir 2010).

Accordingly, Plaintiff's breach of fiduciary duty allegations against Defendant ILA 1351 must be reviewed in the scheme of a duty of fair representation cause of action. Plaintiff has demonstrated no evidence of arbitrary, discriminatory, or bad faith behavior on the part of Defendant ILA Local 1351. Accordingly, summary judgment is appropriate on that basis. Moreover, Plaintiff's cause of action as to Defendant ILA Local 1351 is time-barred.

4. **PLAINTIFF BARRED BY APPLICABLE STATUE OF LIMITATIONS**

Plaintiff's cause of action against Defendant ILA Local 1351 is time-barred. Lawsuits involving a union's duty of fair representation have a six-month statute limitations. *DelCostello v. Teamsters*, 462 U.S. 151 (1983); *Lee v. Cytec Industries Inc.*, 460 F.3d 673 (5th Cir. 2006); *Smith v. International Organization of Mates*, 296 F.3d 380 (5th Cir 2002), *cert. denied* 537 U.S. 1088 (2002); *Barrow v. New Orleans Steamship Association,* 10 F.3d 3292 (5th Cir. 1999) *[Barrow II]*; *Barrow v. New Orleans Steamship Association*, 932 F.2d 473 (5th Cir. 1991*)[Barrow I]*; *Wood v. Houston Belt & Terminal*

7

*Railway*, 958 F.2d 170 (5t[h] Cir. 1989*); Richardson v. United Steelworkers of America*, 864 F.2d 1162 (5th Cir. 1989); *Farr v. H.K. Porter, Co.*, 727 F.2d 502 (5th Cir. 1984); *Flores v. Metropolitan Transit Authority*, 964 S.W. 2d 704 (Tex.App.-Houston [14[th] Dist.] 1998). The limitation period commences at the time Plaintiff knew or should have known of the union's violation of its duty of fair representation, not its manifestations. *Barrett v Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989).

Plaintiff's allegations, as set forth in her amended complaint and explained in her discovery responses, are based on events that precede the filing of this litigation as to Defendant ILA Local 1351 by more than six months. Plaintiff complains about conduct that occurred in the fall of 2009, December 2009, and January 2010. Plaintiff did not file her complaint against Defendant ILA Local 1351 until she filed her Amended Complaint September 30, 2010, Doc. 27. Plaintiff's cause of action as to Defendant ILA Local 1351 is time-barred since it was filed more than six months from her complaints against this Defendant. Accordingly, Plaintiff fails to state a claim upon which relief can be granted as to Defendant ILA Local 1351, requiring summary judgment to be granted.

## 5. CONCLUSION

Plaintiff has presented no viable cause of action as to Defendant ILA Local 1351. Accordingly, the Motion for Summary Judgment of Defendant ILA Local 1351 should, in all respects be granted.

Dated: August 1, 2011                    Respectfully submitted,

                /s/ Eric H. Nelson
              ERIC H. NELSON
              Texas State Bar No. 14891000
              Federal I.D. No. 437
              3303 Main Street, Suite 300
              Houston, TX 77002
              (713) 526-1998
              (713) 524-4421 Facsimile
              Email: ehnelson@swbell.net

              **ATTORNEY FOR DEFENDANT**
              **LOCAL 1351, INTERNATIONAL**
              **LONGSHOREMAN'S ASSOCIATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon the below-listed counsel of record by United States mail and/or electronic filing on this the 1st day of August, 2011:

| | |
|---|---|
| Mr. Stephen J. Schechter<br>Stephen J. Schechter, P.C.<br>8 Spencer Road, Suite 200<br>Boerne, TX 78006 | Mr. James R. Watson<br>South Atlantic & Gulf Coast District<br>International Longshoreman's Association<br>914 Clear Lake City Blvd<br>Webster, TX 77598 |
| Mr. Scott Robert Breitenwisher<br>Royston Rayzor et al<br>711 Louisiana, Suite 500<br>Houston, TX 77002 | Ms. Shareen Larmond<br>West Gulf Maritime Association<br>1717 East Loop, Suite 200<br>Houston, TX 77029 |
| Ms. Lauren Grace Woodard<br>Royston, Rayzor, Vickery, and Williams<br>711 Louisiana, Suite 500<br>Houston, TX 77002 | |

              /s/ Eric H. Nelson
              Eric H. Nelson