```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

MARTHA L. ANGLIN,                 §
                                  §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   CIVIL ACTION NO. H-10-2082
                                  §
CERES GULF, INC. and WEST GULF    §
MARITIME ASSOCIATION,             §
                                  §
          Defendants.             §
```

**OPINION AND ORDER OF PARTIAL SUMMARY JUDGMENT**

Pending before the Court in the above referenced cause, asserting (1) violations of Title VII of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq.* (retaliation and hostile work environment based on gender), (2) conspiracy to deny Plaintiff her rights under her union-membership multiemployer collective bargaining agreement and Title VII, and (3) breach of the CBA,[1] is Defendants Ceres Gulf, Inc. ("Ceres") and West Gulf Maritime Association's ("WGMA's") motion for summary judgment (instrument #79). All other Defendants in this action have been dismissed.

Previously, in an Opinion issued on March 16, 2012 (#60), *inter alia* this Court granted Ceres' and WGMA's motions for summary judgment (#53 and #54, respectively) and concluded that Plaintiff Martha L. Anglin's claims for breach of contract and for

---

[1] The suit was removed from state court under 28 U.S.C. § 1331 on the grounds that all the state-law claims were preempted pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which preempts state law claims when their resolution depends on the meaning of a collective bargaining agreement. *Owen v. Carpenters District Counsel*, 161 F.3d 767, 773 (4th Cir. 1998), *citing Lingle v. Norge Div. of Magic Chef, Inc.* 486 U.S. 399, 405-06 (1988), and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

gender discrimination and retaliation under Title VII had to be pursued under the grievance procedure of her collective bargaining agreement and that she lacked standing to bring this suit. On appeal the Fifth Circuit initially affirmed this Court's summary judgment in favor of all Defendants in this action, but on rehearing reversed and remanded that part of the Opinion and Order involving Ceres and WGMA. Judgment on Rehearing and On Petition for Rehearing, # 74 and #75. It is unclear whether the Fifth Circuit reversed only the Court's ruling on the Memorandum of Understanding ("MOU") and the Title VII claims, since that is all it addresses, or the entire order including the breach of employment agreement claim. Therefore, in the event that the Fifth Circuit reversed the Opinion and Order as to all claims against Ceres and WGMA, for the reasons indicated below the Court affirms its ruling that Plaintiff lacks standing to sue on breach of the employment agreement in federal court because she failed to exhaust the internal grievance process  The parties have conceded that she must do so.

 The Fifth Circuit also found, and this Court agrees, that Plaintiff has raised a genuine issue of material fact as to whether the Memorandum of Understanding, stating that Title VII claims must be exhausted in accordance with that grievance and arbitration procedure in the CBA, binds Plaintiff.

 At docket call on December 6, 2013, Plaintiff's counsel, participating by telephone, orally moved to abate this case while he pursued Plaintiff's breach of contract claim in arbitration

under the collective bargaining agreement. Defendants' counsel objected and offered to withdraw their MOU defense on the condition that this Court would deny the motion to abate and address the motion for summary judgment regarding the Title VII claims.

In the interests of justice, judicial efficiency, and the time and expense that would be incurred by an abatement delay, the Court agrees with Defendants. Thus the Court orders that Plaintiff's motion to abate is denied and for the reasons stated below, Defendants' motions for summary judgment as to the breach of contract claim only is granted. The Court will address the motions for summary judgment as to the Title VII claims by separate instrument.

**Standard of Review: Federal Rule of Civil Procedure 56**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986).

**Plaintiff's Breach of Contract Claim**

Anglin alleges that Ceres breached the CBA by failing to provide her with forty hours of work per week and by not complying with the grievance procedure. She also contends that Ceres

breached the CBA by failing to respond to Anglin's informal grievance in January 2010.

Anglin's breach of contract claim against Ceres cannot go forward in this court. Defendants have correctly pointed out that as a matter of law, an "individual employee who claims a violation by his employer of the collective bargaining agreement is bound by the terms of that agreement as to the method of enforcing his claim." *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 170 (5th Cir. 1971), *citing Vaca v. Sipes*, 386 U.S. 171, 184 (1967), and *Miller v. Spector Freight Systems*, 366 F.2d 92 (1966). Thus Anglin was required to pursue her breach of employment contract claim through the exclusive grievance procedure before seeking relief in court. *Id.* at 170 n.3, *citing Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965)("As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt to use the contract grievance procedure agreed upon by employer and unions as the mode of redress."). *See also D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1488 (7th Cir. 1985)(finding that before an employee could institute court action he must exhaust the grievance and arbitration provisions in the CBA, which were stated to be the exclusive remedy for breach of contract claims; although the employee argued that the employer's conduct repudiated those procedures, the panel found that although the company fired him, it took no steps that would preclude him from grieving his

dismissal so no exception was available); *Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990)("As a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement."); *Hanchett v. Port of Houston Authority*, Civ. A. No. 4:11-CV-1695, 2013 WL 5530671, at *3 (S.D. Tex. Sept. 30, 2013)("It is well established that 'an employee who claims that his employer violated a collective bargaining agreement is bound by the terms of the agreement for its enforcement.'")(*citing Vaca, Chemical Leaman Tank Lines*).[2]  As noted, the CBA at issue here states, "This grievance procedure and arbitration shall be the exclusive remedy with respect to any and all disputes arising between the Union or any person working under the Agreement or both, on the one hand, and the Association or any company under the Agreement or both on the other hand, and no other remedies shall be utilized, except those remedies provided for under this Agreement."  #80, Ex. C at p. 63. Thus because Plaintiff did not complete the grievance procedure, the Court

---

[2] There are recognized exceptions to the general rule that contractual remedies must be exhausted before the employee can bring a court action, but they do not apply under the facts alleged here:  exhaustion is not required  (1) where a CBA "expressly excludes certain classes of disputes from the grievance process"; (2) where the CBA "does not prescribe a specific process for resolving the dispute"; (3) where the court in its discretion determines that "the grievance procedure would have been futile"; and (4) where "the union has breached its duty of fair representation."  20 *Williston on Contracts* § 55:61 (enforcement of collective bargaining agreements)("Resort to grievance procedure as prerequisite")(4th ed. database updated May 2013).

dismisses Plaintiff's breach of employment contract claim without prejudice for failure to exhaust.

Accordingly, the Court

ORDERS that Defendants' motions for summary judgment as to the breach of contract claim only are GRANTED and Plaintiff's breach of contract claim and derivative conspiracy claim to deny Plaintiff her rights under her union-membership multiemployer collective bargaining agreement are DISMISSED without prejudice for lack of standing based on her failure to exhaust the grievance and arbitration process under the CBA.

**SIGNED** at Houston, Texas, this 6th day of December, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE